UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO: 15-818 |
| TORUS INSURANCE UK LIMITED | SECTION: "H"(4) |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Plaintiff Atlantic Specialty Insurance Company (Doc. 32) and Defendant's Response and Request for Rule 56 Relief (Doc. 40). The parties both seek summary judgment in their favor on the claims asserted in this suit. For the following reasons, these Motions are **DENIED**.

## BACKGROUND

This dispute concerns a coverage dispute regarding an allision between Bordelon Marine, LLC's vessel, the CONNER BORDELON, and an offshore oil and gas platform (the "Allision"). Two insurance policies are at issue in this action: a Hull & Machinery policy issued by Plaintiffs Atlantic Specialty Insurance Company and Certain Underwriters at Lloyd's London[1] for the

---

[1] Atlantic Specialty holds a 50% lead share of the risk while the Lloyd's underwriters hold a 50% following share.

1

2014-15 policy year (the "H&M Policy") and a Protection & Indemnity Policy issued by Defendant Torus Insurance UK Limited for the same policy year (the "P&I Policy"). The parties do not dispute that, per the plain language of the polices, Plaintiffs' H&M policy provides coverage for the Allision. In this declaratory action, however, Plaintiffs seek reformation of their policy. They contend that the parties intended to negotiate allision coverage strictly for towing situations into the H&M policy, and that it intended allision coverage for non-towing situations (such as the incident at issue) to be covered under Torus's P&I policy. They aver that broad coverage for all allisions was included in the H&M policy due to a drafting error. Accordingly, they seek reformation of their policy to reflect what they represent is the true mutual intent of the parties. The parties each seek summary judgment.

### I. The Players

A brief outline of the individuals involved in this matter is helpful. Scott Saporito, a broker with Arthur Gallagher Risk Management services, acted as Bordelon Marine's broker in negotiating both the P&I and H&M policies. Martin Hayes of Trident Marine Managers wrote and negotiated the H&M policy for Atlantic's 50% lead share while Nick Hocking of Price Forbes negotiated the terms and conditions of the H&M policy with regard to Lloyd's following 50% share of the risk. Hayes also acted as the broker between Arthur Gallagher and Paul Cummins of Price Forbes in negotiating the terms and conditions of the P&I policy. Price Forbes, in turn, acted as the broker between Trident and Colin Snell of Eagle Ocean America, who, on behalf of Torus, negotiated and wrote the P&I Policy.

### II. The Policies

Plaintiffs contend that, in negotiating the 2014-2015 H&M policy, Bordelon wished to secure incidental coverage for situations where their

2

vessels might be compelled to tow another vessel in distress. Trident, acting on behalf of Plaintiffs, agreed to provide this coverage at no additional cost, as it presented a low level of risk. To accomplish this goal, Hayes incorporated standard language from the American Institute Tug Form Policy ("AITF"). He avers that, through a drafting error, he failed to limit this language to allisions and collisions involving only towing situations, thereby inadvertently providing coverage in all allision and collision situations.

The P&I policy contains a policy provision covering allisions; however, it also contains an exclusion disclaiming coverage to the extent that such incidents are covered under the H&M policy. Accordingly, because coverage for allisions was included in the H&M policy, this exclusion operates to exclude coverage under the P&I Policy.

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts

---

[2] Fed. R. Civ. P. 56(c) (2012).
[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[4] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).

showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[7] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[8] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

## LAW AND ANALYSIS

As noted above, Plaintiffs seeks summary judgment granting reformation of their policy to limit the allision coverage to towing situations in lieu of the wider allision coverage provided by the policy as written. Torus contends that Plaintiffs cannot carry their burden of proving that reformation is warranted, and accordingly ask for summary judgment in their favor.

Louisiana law on contract reformation governs this dispute.[10] "Reformation is an equitable remedy designed to correct an error in the contract."[11] As with other written contracts, "insurance policies may be

---

[5] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).
[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).
[7] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[8] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).
[9] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[10] *Motors Ins. Co. v. Bud's Boat Rental, Inc.,* 917 F.2d 199, 203 (5th Cir. 1990).
[11] *Fruge v. Amerisure Mut. Ins. Co.*, 663 F.3d 743, 748 (5th Cir. 2011) (citing *Samuels v. State Farm*, 939 So. 2s 1235 (La. 2006).

4

reformed if, through mutual error or fraud, the policy as issued does not express the agreement of the parties"[12]  Where the reformation sought substantially affects the risk assumed by the insurer, the party seeking reformation must prove the error alleged by clear and convincing evidence.[13] "[E]ven in the event of a mutual error, reformation may be inappropriate if the rights of third parties are affected," particularly where the third party has relied on the contract in question.[14]

Determining the intent of the parties in this matter is difficult due to the number of players operating between the insured and the insurer.  Plaintiffs argue that the parties only intended to provide incidental towing coverage in the H&M policy.  Indeed, Hayes, who wrote the H&M policy, admits that this was a drafting error on his part and that he intended to include only incidental towers coverage.  The remaining representatives of the underwriters on the H&M policy confirm that they also were under the impression that the allision coverage would be limited to towing situations.  The intent of Bordelon Marine, as represented by Arthur Gallagher, seems less clear.  Bordelon asked Arthur Gallagher to procure appropriate coverage for its operations.  Plaintiffs contend that Saporito only inquired about obtaining incidental towage coverage in the H&M policy, and therefore did not intend to procure unlimited allision coverage.  Defendants contend that Bordelon, acting through Saporito, had no specific intent with regard to whether allision coverage was included in the P&I or the H&M policy—it only wanted to ensure appropriate coverage, no matter the source.  Defendants contend that plaintiffs cannot carry their heavy burden to prove that reformation is warranted.

---

[12] *Id.*
[13] *Samuels v. State Farm Mut. Auto. Ins. Co.,* 939 So. 2d 1235, 1240 (La. 2006).
[14] *Am. Elec. Power Co. Inc. v. Affiliated FM Ins. Co.*, 556 F.3d 282, 287 (5th Cir. 2009).

Defendants also contend that the contract may not be reformed because they are a third party and reformation would affect their rights. Plaintiffs argue, however, that Defendants did not have a copy of the H&M policy at the time they issued their P&I policy; and that accordingly they could not have relied it in issuing the P&I policy. In response, Defendants represent that they were under the impression that the new towage coverage in the H&M policy included allision coverage, and that this influenced their decision to issue the P&I policy.

The Court finds that these disputes cannot be resolved on summary judgment. Resolution of this matter involves deciding the parties' intent, and "[d]etermination of intent is a question of fact."[15] The Court cannot resolve these factual issue on the record before it. Additionally, there are factual issues surrounding whether Defendants relied on allision coverage in the H&M policy in issuing the P&I policy. Accordingly, the Motions are denied.

## CONCLUSION

For the forgoing reasons, Plaintiff and Defendant's respective Motions for Summary Judgment are **DENIED**.

New Orleans, Louisiana this 26th day of August, 2016.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[15] *Motors Ins. Co. v. Bud's Boat Rental, Inc.*, 917 F.2d 199, 204 (5th Cir. 1990).