UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO: 15-818 |
| TORUS INSURANCE UK | SECTION: "H" (4) |

ORDER

Before the Court is a **Motion for Leave to File Third Amended and Supplemental Complaint for Declaratory Judgment (R. Doc. 50)** filed by Plaintiffs seeking permission from the Court to file a third amended and supplemental complaint. The motion was submitted on September 7, 2016.

I. Background

This action was filed in the District Court on March 13, 2015 by Plaintiff Atlantic Specialty Insurance Company ("Atlantic") asserting claims arising under admiralty and general maritime laws against Defendant Torus Insurance UK ("Torus"). R. Doc. 1. On May 26, 2015, a first amended complaint was filed, adding Certain Underwriters at Llyod's London as plaintiffs. R. Doc. 12. Further, on July 22, 2015, a second amended complaint was filed adding Bordelon Marine, LLC ("Bordelon") as a necessary party to the litigation. R. Doc. 16, p. 6. The Plaintiffs are alleging that on or around January 23, 2015 the M/V CONNOR BORDELON—owned by Defendant Bordelon—allided with a platform owned and operated by Energy XXI GOM LLC. *Id.* at p. 3. Plaintiffs further allege that both Plaintiffs and Torus provided insurance to the M/V CONNOR BORDELON. *Id.* at p. 2. Plaintiffs also state that the platform allegedly sustained damages well in excess of the $1,000,000.00 in coverage provided separately by Torus's or

1

Plaintiffs' policies. Plaintiffs seek declaratory judgment as to whether Plaintiffs' Hull and Machinery Policy or Torus's P&I Policy should provide coverage for the allision. *Id.* at p. 3.

At this time, the Plaintiffs seek leave from the Court to file a third amended and supplemental complaint for declaratory judgment. R. Doc. 50. In particular, the Plaintiffs first wish to add a claim for reimbursement from Defendant Torus of $9,254.49 paid to Defendant Bordelon by Plaintiffs for Bordelon's cost of defense. R. Doc. 50-1, p. 2. The Plaintiffs paid this amount to Bordelon following a stipulation between the parties which allowed Bordelon to avoid becoming involved in the litigation. Second, the Plaintiffs also seek an alternative remedy based upon the "other insurance" clauses contained in each policy such that both Plaintiffs and Torus would contribute pro rata up to the primary policy limits. R. Doc. 50-3, p. 11. Torus has not at this time objected to filing of the instant motion nor have they consented. R. Doc. 58, p. 2.

## II.     Standard of Review

Generally, Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir.2002)). When denying a motion to amend, the court must

have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ...and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)).

"[T]he Fifth Circuit [has] clarified that when, as here, a scheduling order has been issued by the district court, Rule 16(b) governs amendment of pleadings." *Royal Ins. Co. of America v. Schubert Marine Sales*, 02–0916, 2003 WL 21664701, at *2 (E.D. La. July 11, 2003) (Englehardt, J.) (citing *S & W Enterprises, L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir.2003)). Rule 16(b) limits changes in the deadlines set by a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To determine if good cause exists as to untimely motions to amend pleadings, the Court should consider: "(1) the movant's explanation for its failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure that prejudice." *Schubert Marine Sales*, 2003 WL 21664701, at *2 (citing *S & W Enterprises*, 315 F.3d at 536). If the movant can show good cause, the Court will then apply the liberal standards of Rule 15(a). *S&W Enterprises*, 315 F.3d at 536.

**III. <u>Analysis</u>**

Here, the Plaintiffs seek leave to file a supplemental complaint. In particular, the Plaintiffs first wish to add a claim for reimbursement from Defendant Torus of $9,254.49 paid to Defendant Bordelon by Plaintiffs for Bordelon's cost of defense. R. Doc. 50-1, p. 2. The Plaintiffs paid this amount to Bordelon following a stipulation between the parties which allowed Bordelon to avoid

3

becoming involved in the litigation. Second, the Plaintiffs also seek an alternative remedy based upon the "other insurance" clauses contained in each policy such that both Plaintiffs and Torus would contribute pro rata up to the primary policy limits. R. Doc. 50-3, p. 11.

### A. Rule 16(b)

As an initial matter, the Court notes that the District Court has previously set a deadline for the amendment of pleadings on June 12, 2015. R. Doc. 7. As such, the instant motion would be governed by Federal Rule of Civil Procedure Rule 16(b). *S & W Enterprises*, 315 F.3d at 536. Here, the Court finds that good cause exists as to the amendments. First, the Plaintiffs have explained that the reason for the amendment at this time comes in connection with a stipulation entered on August 5, 2016. R. Doc. 48. The instant motion was filed a little over one week later. So, in as far as the addition of the claim for reimbursement, the Court finds that the explanation for untimeliness is reasonable. There is no such reasonable explanation given for why the "other insurance" claim has just been added; however, the Court still finds good cause to allow the amendment given the other factors.

Second, the Court finds the amendments to be of relative importance. Certainly, both amendments raise new and/or alternative remedies for relief which are not countenanced by the current complaint. *See S & W Enterprises*, 315 F.3d at 536-37 (not finding amendment that would raise new cause of action as unimportant). Moreover, the Court agrees that the amendments themselves could give rise to additional litigation and would be better dealt with in the instant suit. Certainly, the amendments are not merely serving as additional notice nor fail to add anything to the complaint. *See Schubert Marine Sales,* 2003 WL 21664701.

Finally, the Court finds that there would be no potential prejudice to allowing the amendment. Trial has been reset for February 15, 2017. R. Doc. 57. There is plenty of time to

allow for additional discovery as needed to respond to these amendments. Moreover, the amendment concerning the "other insurance" defense appears to be a legal argument such that any further discovery that could be necessary would be minor. Moreover, the Court notes that given the current trial date further continuances as necessary to allow for discovery would not unnecessarily delay the trial. As such, the Court finds that there is good cause to allow the amendment.

### B. Rule 15(a)

Once the movant has demonstrated good cause to meet the requirements of Rule 16(b), the Court applies the liberal standard of Federal Rule of Civil Procedure 15(a). As an initial matter, the Court notes that there is no evidence that "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, [or] undue prejudice to the opposing party.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quotations omitted).

Moreover, the Court does not find that the amendments would be futile. *Id.* An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)). "It is well-established, of course, that the Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly*: 'To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, 818 F.3d 193, 200 (5th Cir. 2016). Both the amendment concerning the reimbursement claim as well as the "other insurance" claim taken with the complaint as a whole provide enough information to be plausible on its face and "nudged [the] claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Finally,

the undersigned notes that Torus has indicated that the District Court would prefer the instant motion to be granted. R. Doc. 58, p. 1. Therefore, the Court finds that the Plaintiffs have met the low bar needed to amend under Rule 15(a).

### IV.    Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiffs' **Motion for Leave to File Third Amended and Supplemental Complaint for Declaratory Judgment (R. Doc. 50)** is **GRANTED**.

New Orleans, Louisiana, this 9th day of September 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**